**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ELLISON HOMES LLC** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:26-CV-00903-O** |
| | § | |
| **WILMINGTON SAVINGS FUND SOCIETY FSB, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Before the Court is Defendants' Motion for Judgment on the Pleadings and Brief in Support (ECF No. 11). Plaintiff did not file a response. Having considered Plaintiff's Original Petition (ECF No. 1-1), Defendants' Motion, and applicable law, the Court **DENIES** in part and **GRANTS** in part Defendants' Motion for Judgment on the Pleadings (ECF No. 11).

## I. BACKGROUND[1]

This case arises from a mortgage and foreclosure dispute between Ellison Homes, LLC ("Plaintiff"), a Texas limited liability company owned and operated by Barbara and Maurice Ellison, and Wilmington Savings Fund Society FSB as owner trustee for Versus Sec. Trust and Newrez LLC b/d/a Shellpoint Mortgage Servicing (collectively, "Defendants"). On July 28, 2023, Plaintiff secured a mortgage from Defendants to purchase property located at 11174 Russwood Circle, Dallas, Texas 75229 (the "Property"), where Plaintiff resided. Later, on June 4, 2025, financial hardship struck Plaintiff, causing Plaintiff to enter into a Loan Modification Agreement with Defendant. When Plaintiff continued to experience severe financial hardship and failed to

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiffs' Original Petition. *See* Pl.'s Pet., ECF No. 1-1. These facts are taken as true and viewed in the light most favorable to the nonmoving party. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

pay the mortgage, Defendant accelerated the loan and scheduled a substitute trustee's sale for March 3, 2026, as allowed by the Deed of Trust. But the Deed of Trust also required Defendants to provide a Notice of Default and an Opportunity to Cure prior to acceleration "not less than 30 days . . . by which the Default must be cured." Plaintiff alleges it never received the required notices.

Accordingly, Plaintiff sued Defendants in Dallas County district court on March 2, 2026, for breach of contract and violation of the Texas Property Code §51.002(d). Plaintiff sought a temporary restraining order, a temporary injunction, and a permanent injunction to prevent the foreclosure sale, as well as actual damages and attorneys' fees. On March 3, 2026, the Dallas County district court entered a temporary restraining order enjoining Defendants from pursuing the foreclosure.[2] Defendant filed an answer in state court and timely removed the case to this Court on March 19, 2026. After pleadings had been filed, Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c). This Motion is now ripe for the Court's review.

## II. LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). For purposes of Rule 12(c), pleadings are closed once a complaint and answer are filed, provided that no counterclaim or cross claim is made. *MKD Mgmt., LLC v. Frigon*, No. 2:20-cv-14-Z-BR, 2020 WL 5745913, at *2 (N.D. Tex. Aug. 5, 2020) (citing *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005)). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and the judgment on the merits can be rendered by looking to the substance of the pleadings." *Great Plains*

[2] Not. Removal, Ex. 5 (Temporary Restraining Order), App. 2–5, ECF No. 1-5.

*Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). A court must ask whether, in the light most favorable to the nonmoving party, "the complaint states a valid claim for relief." *Id.* Further, the pleadings should be liberally construed, and a judgment is only appropriate "if there are no disputed issues of fact and only questions of law remain." *Id.*

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins.*, 512 F.3d 177, 180 (5th Cir. 2007) (citation omitted). Under the 12(b)(6) standard, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). In other words, to defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. When "a complaint contains facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## III. ANALYSIS

### A. Plaintiff Pleads a Plausible Breach of Contract Claim

Plaintiff successfully pleads a plausible breach of contract claim because Plaintiff's Original Petition alleges that Defendant failed to provide Notice of Default before acceleration and foreclosure, as required by the Deed of Trust.[3] Under Texas law, a plaintiff alleging breach of contract must establish (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages resulting from the breach. *IAS Servs. Grp. L.L.C. v. Jim Buckley & Assocs.*, 900 F.3d 640, 652 (5th Cir. 2018).

Defendants argue that because Plaintiff failed to pay the mortgage payments, and was therefore in default, "no viable cause of action for breach of contract exists."[4] While Fifth Circuit law acknowledges and applies Texas law that "a party to a contract who is himself in default cannot maintain a suit for its breach," the Fifth Circuit clarified that "a claim for breach of a deed of trust for failure to serve notice of foreclosure exists as a stand-alone cause of action, apart from a claim for wrongful foreclosure." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018). Further, "a party's default under a contract will only excuse the other party's performance of the contract's terms that are dependent upon the promises that the defaulting party failed to perform." *Id.* at 244. In other words, just because a borrower stops making payments does not automatically excuse the lender from its separate obligation to provide proper foreclosure or acceleration notice.

Here, Section 26(a) of the Deed of Trust imposes an independent obligation on Defendants if Plaintiff fails to make mortgage payments.[5] It is *because of* Plaintiff's breach—or failure to pay

---

[3] Defs.' Not. Removal, Ex. 1 (Pls.' Original Pet.), App. 4–5, ECF No. 1-1.
[4] Defs.' Mot. J. Pleading 3, ECF No. 11.
[5] Defs.' Not. Removal, Ex. 1 (Pls.' Original Pet.), App. 4–6, ECF No. 1-1

the mortgage—that Defendants is required to give notice of acceleration.[6] Plaintiff's Original Petition provides facts, which if taken as true, reveal that Defendants failed to fulfill their obligation by not giving the "[b]orrower notice of acceleration," and not providing a period "not less than 30 days . . . by which the Default must be cured."[7] Accordingly, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's breach of contract claim is **DENIED**.

### B. Plaintiff Fails to State a Plausible Claim Under Texas Property Code § 51.002(d)

Plaintiff's claim under Texas Property Code § 51.002(d) fails because Defendants never foreclosed on the property.[8] A mortgage servicer must provide a defaulting debtor with notice of default via certified mail and "giv[e] the debtor at least 20 days to cure the default before notice of sale can be given." TEX. PROP. CODE § 51.002. But to have viable claim under the Texas Property Code, in addition to defendant's failure to give notice, plaintiff must also establish that a subsequent foreclosure sale occurred. *Foster v. Deutsche Bank Nat'l Tr. Co.*, No. 4:14-CV-436-Y, 2016 WL 695658, at *3 (N.D. Tex. Feb. 22, 2016), aff'd, 848 F.3d 403 (5th Cir. 2017).

Here, Dallas County district court entered a Temporary Restraining Order enjoining Defendants' from pursuing the sale of the property.[9] So, Plaintiff fails to assert the condition precedent for § 51.002(d)—actual sale of Plaintiff's property—to survive the Rule 12(c) standard. Accordingly, Plaintiff's statutory claims are **DISMISSED** with prejudice.

### C. Plaintiff's Request for Injunctive Relief, Attorneys' Fees, and Damages Survive the Rule 12(c) Stage

Plaintiff's request for injunctive relief, attorney's fees, and damages survive the Rule 12(c) stage because Plaintiff has a viable breach of contract claim. Defendant argues that under Texas

[6] Defs.' Not. Removal, Ex. 1 (Pl.'s Original Pet.), App. 41, ECF No. 1-1.
[7] *Id.*
[8] Defs.' Not. Removal, Ex. 5 (Temporary Restraining Order), App. 2–5, ECF No. 1-5.
[9] Defs.' Not. Removal, Ex. 5 (Temporary Restraining Order), App. 2–5, ECF No. 1-5.

law, a request for injunctive relief, attorney's fees, and damages depends on an underlying cause of action.[10] But, because Plaintiff's have pleaded a plausible breach of contract claim, the Court cannot, at this point, dismiss these requests for relief. Therefore, Defendant's request to dismiss Plaintiff's request for injunctive relief, attorney's fees, and damages is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings as to Plaintiff's breach of contract claim. Defendant's request to dismiss Plaintiff's request for injunctive relief, attorney's fees, and damages is also **DENIED**. The Court finds that Defendants are entitled to judgment on the pleadings on Plaintiff's statutory claims under Texas Property Code § 51.002(d). Defendant's Motion for Judgment on the Pleadings as to Plaintiff's statutory claims is **GRANTED**. Accordingly, the Court **DENIES** in part and **GRANTS** in part Defendant's Motion for Judgement on the Pleadings (ECF No. 11).

**SO ORDERED** on this **17th day** of **November, 2026**.



Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

[10] Defs.' Mot. J. Pleadings 5, ECF No. 11.